**JOHN L. BURRIS, Esq. SBN 69888**
**BEN NISENBAUM, Esq. SBN 222173**
**LATEEF H. GRAY, Esq. SBN 250055**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
lateef.gray@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C., individually and as co-successor-in-interest to Decedent JOSE CEJA, by and through his Guardian-Ad-Litem ALICIA AVILA; I.C., individually and as co-successor-in-interest to Decedent JOSE CEJA, by and through her Guardian-Ad-Litem ALICIA AVILA; GUADALUPE VILLA-VARGAS, individually; ARTURO CEJA-GONZALEZ, individually; W.C., individually, by and through his Guardian-Ad-Litem PABLO CEJA; J.C., individually, by and through her Guardian-Ad-Litem PABLO CEJA; PABLO CEJA, individually and as Guardian-Ad-Litem for W.C. and J.C.; and LETICIA CEJA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FAIRFIELD, a municipal corporation; JOE GRIEGO, individually and in his official capacity as a police officer for the City of Fairfield; DANIEL HATZELL, individually and in his official capacity as a police officer for the City of Fairfield; CLINTON MORGAN, individually and in his official capacity as a police officer for the City of Fairfield; and DOES 1-25, inclusive, individually, jointly and severally, <br><br> Defendants. | CASE NO.: 2:16-CV-00746-JAM-CKD <br><br> FIRST AMENDED COMPLAINT <br><br> JURY TRIAL DEMANDED |

**INTRODUCTION**

1.  This case arises out of the wrongful death of JOSE CEJA, a 36-year-old man, who was shot in the chest by Defendant City of Fairfield Police Officer DANIEL HATZELL, while Decedent JOSE CEJA's terrified family watched in horror.

2.  When Defendant Police Officers JOE GRIEGO, DANIEL HATZELL and CLINTON MORGAN arrived at the Ceja home, they summoned Decedent JOSE CEJA into the house from the backyard and Officer HATZELL shot him twice in the chest, despite Decedent JOSE CEJA posing no threat to the officers or anyone else in the home. Just prior to the shots ringing out, one of the other officers cried out "wait, wait, wait" to Officer HATZELL. However, the overzealous officer opened fire anyway.

3.  Decedent JOSE CEJA was gunned down in the dining room of his family's home and died from two bullet wounds in his chest, while his elderly parents and brothers watched helplessly.

**JURISDICTION**

4.  This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Fairfield, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

5.  Decedent, Jose Ceja (hereinafter "DECEDENT JOSE CEJA"), was an individual residing in the County of Solano, State of California. Decedent Jose Ceja was unmarried at the time of his death and died intestate. Decedent Jose Ceja did not file any legal actions prior to his death. Decedent has two surviving minor children.

6.  Plaintiff, A.C., a minor, sues in his individual capacity through his Guardian-Ad-

Litem ALICIA AVILA, a competent adult, as Decedent Jose Ceja's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through his Guardian-Ad-Litem ALICIA AVILA.

7.    Plaintiff, I.C., a minor, sues in her individual capacity through her Guardian-Ad-Litem ALICIA AVILA, a competent adult, as Decedent Jose Ceja's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through her Guardian-Ad-Litem ALICIA AVILA.

8.    At all times mentioned herein, Plaintiff, Pablo Ceja (hereinafter "PABLO CEJA"), has been and is a resident of Fairfield, California.  Pablo Ceja is Decedent Jose Ceja's biological brother.

9.    At all times mentioned herein, Plaintiff, GUADALUPE VILLA-VARGAS (hereinafter "VILLA-VARGAS"), has been and is a resident of Fairfield, California.  Villa-Vargas is the biological mother of Decedent Jose Ceja.

10. At all times mentioned herein, Plaintiff, ARTURO CEJA-GONZALEZ (hereinafter "CEJA-GONZALEZ"), has been and is a resident of Fairfield, California.  Ceja-Gonzalez is the biological father of Decedent Jose Ceja.

11. At all times mentioned herein, Plaintiff, LETICIA CEJA (hereinafter "LETICIA CEJA"), has been and is a resident of Fairfield, California. LETICIA CEJA is the sister-in-law of Decedent JOSE CEJA, who resided with Decedent JOSE CEJA and enjoyed a close relationship with the Decedent.

12. At all times mentioned herein, Plaintiff, minor W.C. (hereinafter "Minor W.C."), is a United States Citizen.  His Guardian-Ad-Litem, PABLO CEJA, a competent adult, is representing him in this action. Minor W.C. is the nephew of Decedent JOSE CEJA, who resided with Decedent JOSE CEJA and enjoyed a close relationship with the Decedent.

13. At all times mentioned herein, Plaintiff, minor J.C. (hereinafter "Minor J.C."), is a United States Citizen.  Her Guardian-Ad-Litem, PABLO CEJA, a competent adult, is representing her in this action. Minor J.C. is the niece of Decedent JOSE CEJA, who resided with Decedent JOSE CEJA and enjoyed a close relationship with the Decedent.

14. At all times mentioned herein, Defendant, CITY OF FAIRFIELD (hereinafter

"CITY"), is a municipal corporation. Under its supervision, the CITY operates the City of Fairfield Police Department

15. At all times mentioned herein, Defendant, JOE GRIEGO, (hereinafter "GRIEGO"), was a Police Officer for the City of Fairfield Police Department, and is sued individually and in his official capacity.

16. At all times mentioned herein, Defendant, DANIEL HATZELL, (hereinafter "HATZELL"), was a Police Officer for the City of Fairfield Police Department, and is sued individually and in his official capacity.

17. At all times mentioned herein, Defendant, CLINTON MORGAN, (hereinafter "MORGAN"), was a Police Officer for the City of Fairfield Police Department, and is sued individually and in his official capacity.

18. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend her complaint subject to further discovery.

19. In engaging in the conduct alleged herein, Defendant police officers acted under the color of law and in the course and scope of their employment with City of Fairfield Police Department. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of City of Fairfield Police Department.

20. For State causes of action related to Federal claims, Plaintiffs are required to comply

with an administrative claim requirement under California law. Plaintiffs timely filed a Government Tort Claim with City of Fairfield, notifying City of Fairfield of Plaintiffs' intent to file a lawsuit against City of Fairfield and the involved Officers.

21. Plaintiffs contend that the City of Fairfield is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Fairfield employees were engaged in the performance of their job duties.

## STATEMENT OF FACTS

22. On January 15, 2015, at approximately 8:00 a.m., Decedent, Jose Ceja, was at his family's home located at 2007 Sosa Court in Fairfield, California.

23. Decedent Jose Ceja's family members summoned the police, to request assistance with Decedent Ceja. Sometime thereafter, Defendant Officers Griego, Hatzell and Morgan arrived at the family's home in response to the call.

24. Outside of the home, Plaintiff Pablo Ceja provided the Defendant officers with a brief description of the situation, including the fact that his brother, Decedent Jose Ceja, was extremely intoxicated.

25. Pablo Ceja requested that the defendant Officers turn on their body cameras before they entered the home. The defendant Officers informed Pablo Ceja that they would turn on their body cameras.

26. Along with Pablo Ceja, the defendant Officers then entered the home. One of the Defendant Officers called for the Decedent to come into the living room, as the Decedent was smoking a cigarette on the porch just outside the dining room area.

27. As Decedent Jose Ceja crossed the threshold from outside into the dining room through a sliding glass door, his mother, Plaintiff Guadalupe Villa-Vargas, clearly heard one of the officers cry out to his fellow officer(s), "wait, wait, wait." The overzealous, Officer Hatzell, did not heed the warning of the more senior officer and opened fire on Decedent Jose Ceja, who was not posing an immediate threat to anyone.

28. The officer(s) did not give Decedent Jose Ceja any commands or directions prior to

opening fire on him, other than asking him to come into the house.

29. Decedent Jose Ceja stumbled toward the kitchen after being struck in the chest, where his dying body fell right by his father, Plaintiff Arturo Ceja-Gonzalez. Decedent Jose Ceja died at the scene, from two closely placed bullet wounds in his chest.

30. Sometime after the shooting, Pablo Ceja heard one of the defendant officers state something about Decedent Jose Ceja having a knife. Pablo Ceja and Guadalupe Villa-Vargas did not see Decedent Jose Ceja with anything in his hands when he came into the house. Arturo Ceja-Gonzalez was uncertain if Decedent Jose Ceja had anything in his hand and after hearing the police claim there was a knife, he speculated that Decedent might have been holding a butter knife from the barbeque. All of the eye-witnesses clearly saw that Decedent Jose Ceja was doing nothing more than walking back into the house, at the officers' explicit request, at the time that he was gunned down.

31. Guadalupe Villa-Vargas, the Decedent's mother, and Pablo Ceja, the Decedent's brother witnessed the incident, while standing near the defendant officers. Plaintiff Arturo Ceja-Gonzalez, Decedent Jose Ceja's father, witnessed the shooting from the kitchen. Plaintiff Leticia Ceja, the Decedent's sister-in-law; minor Plaintiff W.C., the Decedent's nephew; and minor Plaintiff J.C., the Decedent's niece, were also present in the home and heard the gunfire which resulted in Decedent Jose Ceja's untimely death. Plaintiffs Leticia Ceja; W.C.; and J.C. lived with Decedent and enjoyed a close relationship with him.

32. Decedent Jose Ceja left behind two minor children, Plaintiff A.C. and Plaintiff I.C.

33. After the shooting, Pablo Ceja overheard a City of Fairfield Police Officer identify the shooting officer as the "rookie."

34. Plaintiff is informed and believe and thereon allege that City of Fairfield and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers, and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officers and Does 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendant Officers and Does 1-25 inclusive, misconduct.

35. Plaintiff is informed, believes and thereon alleges that members of the City of Fairfield Police Department, including, but not limited to Defendant Officers and Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent, Jose Ceja.

36. Plaintiff is further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of Fairfield, Fairfield Police Department has allowed persons to be abused by its Police Officers including Defendant Officers and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

37. Plaintiff is informed, believes and therein alleges that City of Fairfield Police Department Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens. Fairfield Police Department's failure to discipline or retrain any of the involved Officers in instances of excessive force is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of Fairfield Police Department's failure to properly supervise its Police Officers and ratify their unconstitutional conduct.

38. Plaintiff is informed, believes and therein alleges that City of Fairfield knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

39. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

<u>DAMAGES</u>

40. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but

not limited to: All Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

41. Plaintiffs A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Villa, bring this claim as co-successors-in-interest to Decedent and seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

42. Plaintiffs A.C. and I.C, by and through their Guardian-Ad-Litem Alicia Villa are further entitled to recover damages incurred by Decedent before he died as a result of being shot and killed, without due process of his right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

43. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.


## FIRST CAUSE OF ACTION

### (Violation of Fourth Amendment of the United States Constitution)

### (42 U.S.C. §1983)

(Plaintiffs A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila Against Defendants JOE GRIEGO, DANIEL HATZELL, CLINTON MORGAN AND DOES 1-25, inclusive)


44. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43 of this Complaint.

45. Defendants GRIEGO, HATZELL, MORGAN, and DOES 1-25's above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States

Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

46. JOSE CEJA was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

47. JOSE CEJA did not file a legal action before his death;

48. Plaintiffs A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Villa, as co-successors-in-interest of JOSE CEJA, claim damages for the conscious pain and suffering incurred by JOSE CEJA, as provided for under 42 U.S.C. §1983.

49. Defendants GRIEGO, HATZELL, MORGAN, and DOES 1-25 acted under color of law by shooting and killing Decedent without lawful justification and subjecting Decedent to excessive force, thereby depriving Decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violations of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

**(A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila; ARTURO CEJA GONZALEZ, GUADALUPE VILLA VARGAS Against Defendants GREIGO, HATZELL, MORGAN, and DOES 1-25)**

50. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 49 of this Complaint.

51. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their rights to a familial relationship by seizing Decedent by use of unreasonable, unjustified, deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and further attempted to conceal their extraordinary use of force and hide the

true cause of Decedent's demise in order to deprive Plaintiffs of their rights to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.


## THIRD CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

(A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila; ARTURO CEJA GONZALEZ, GUADALUPE VILLA VARGAS Against Defendants DOES 26-50)

52. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 51 of this Complaint.

53. Plaintiffs are informed and believe and thereon allege that high-ranking City of Fairfield officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts unconstitutional use of deadly force by City of Fairfield Police Officers.

54. Despite having such notice, Plaintiffs are informed and believe and thereon allege that City of Fairfield & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by City of Fairfield Police Officers which brought about Defendant Officers, and DOES 1-25 unlawfully shooting Jose Ceja to death.

55. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers, and DOES 6-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

56. Plaintiff further alleges that Defendants City of Fairfield and DOES 26-50

and/or each of them, were on notice of the Constitutional defects in their training of City of Fairfield police officers, including, but not limited to unlawfully using deadly force to make detentions and/or arrests.

57. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Fairfield officials, including high ranking City of Fairfield supervisors, and DOES 26-50, and each of them resulted in the deprivation of Plaintiffs and Decedent's constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## FOURTH CAUSE OF ACTION

**(Violation of Plaintiffs' State Statutory Rights)**

**(Violation of California Civil Code § 52.1)**

(A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila Against Defendants GRIEGO, HATZELL, MORGAN, and DOES 1-25, inclusive)


58. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 of this Complaint.

59. Defendants GRIEGO, HATZELL, MORGAN and DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent Jose Ceja's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

60. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,0000.

61. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered as hereinafter set forth below.

62. Plaintiffs contend that the City of Fairfield is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Fairfield employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Wrongful Death – Negligence)

### (C.C.P. §§ 377.60 and 377.61)

(Plaintiffs A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila Against Defendants JOE GRIEGO, DANIEL HATZELL, CLINTON MORGAN AND DOES 1-25, inclusive)

63. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 62 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

64. Defendants GRIEGO, HATZELL, MORGAN, and DOES 1-25 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent Jose Ceja on January 15, 2015, as a result of their negligent conduct and/or negligent failure to act, as set forth herein.

65. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their loved one, Decedent, in an amount according to proof at trial.

66. As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

67. Pursuant to California C.C.P. §§ 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

68. Plaintiffs contend that the City of Fairfield is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Fairfield employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Negligence)

(Plaintiffs A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila Against Defendants JOE GRIEGO, DANIEL HATZELL, CLINTON MORGAN AND DOES 1-25, inclusive)

69. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 69 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

70. Defendants and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Decedent Jose Ceja and Plaintiffs, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

71. As an actual and proximate result of said Defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

72. Plaintiff contends that the City of Fairfield is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Fairfield employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Assault And Battery)

(Plaintiffs A.C. and I.C., by and through their Guardian-Ad-Litem Alicia Avila Against Defendants JOE GRIEGO, DANIEL HATZELL, CLINTON MORGAN AND DOES 1-25, inclusive)

73. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 72 of this Complaint.

74. Defendants' above-described conduct constituted assault and battery.

75. Plaintiffs contend that the City of Fairfield is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Fairfield employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

(Plaintiffs Arturo Ceja-Gonzalez, Guadalupe Villa-Vargas, Pablo Ceja, Leticia Ceja and W.C. and J.C., by and through their Guardian-Ad-Litem Pablo Ceja Against Defendants JOE GRIEGO, DANIEL HATZELL, CLINTON MORGAN AND DOES 1-25, inclusive)

76. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 75 of this Complaint.

77. Defendants engaged in actions that were negligent or intentionally tortious.

78. Defendants' actions caused Decedent Jose Ceja's death.

79. Plaintiffs each have a legally cognizable relationship with Decedent Jose Ceja. All Plaintiffs named in this Cause of Action lived with Decedent Jose Ceja and were related by blood or marriage.

80. The wrongful conduct of Defendants and DOES 1-25 inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

81. As a proximate result of Defendants GRIEGO, HATZELL, MORGAN and

DOES 1-25 inclusive, conduct, Plaintiffs have suffered severe emotional and mental distress from being present and seeing/hearing their beloved family member being gunned down in their own home by Defendants GRIEGO, HATZELL, MORGAN and DOES 1-25, prior to seeing his lifeless body lying on their kitchen floor.

82. Plaintiffs further suffered emotional distress as a proximate result of Defendants' conduct because they summoned the assistance of the Fairfield Police Department, under the belief that the police would assist them. The Defendant officers spoke to Plaintiffs and knew the family summoned the police department in order to facilitate Decedent Jose Ceja being taken to sober up, never expecting the devastating outcome of their phone call. This event resulted in a devastating traumatic effect on Plaintiffs' emotional tranquility.

83. Plaintiffs contend that the City of Fairfield is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Fairfield employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

84. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.




**LAW OFFICE OF JOHN BURRIS**


Dated: May 23, 2016                    ___/s/ *John L. Burris*_____
                                       **John L. Burris**
                                       Attorneys for Plaintiffs