Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:    (415) 353-0999
Facsimile:    (415) 353-0990
gfox@bfesf.com

Attorneys for Defendants
CITY OF FAIRFIELD, JOE GRIEGO,
DANIEL HATZELL and CLINTON MORGAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C., individually and as co-successor-in-interest to Decedent JOSE CEJA,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD, a municipal corporation; JOE GRIEGO, individually and in his official capacity as a police officer for the city of Fairfield; DANIEL HATZELL, individually and in his official capacity as a police officer for the city of Fairfield; CLINTON MORGAN, individually and in his official capacity as a police officer for the city of Fairfield; and DOES 1-25 inclusive, individually, jointly and severally,<br><br>     Defendants. | Case No. 2:16-cv-00746 JAM-CKD<br><br>**DEFENDANTS CITY OF FAIRFIELD, JOE GRIEGO, DANIEL HATZELL AND CLINTON MORGAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP RULE 12(B)(6)]**<br><br>**DEFENDANTS' DEMAND FOR JURY TRIAL**<br><br><br>Date:   August 23, 2016<br>Time:   1:30 p.m.<br>Place:  Courtroom 6<br><br><br>**Hon John A. Mendez** |

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED .................1

II.   STATEMENT OF FACTS ALLEGED BY PLAINTIFFS ............................................................2

III.  LEGAL ARGUMENT...................................................................................................................3

 A.   Plaintiffs' Complaint Fails to State Facts and Is Subject to Dismissal Under Rule
  12(b)(6) ...............................................................................................................................3

 B.   The First Cause of Action Under § 1983 Is Unsupported by Facts to State a Claim
  for Violation of the Fourth Amendment Against Griego and Morgan ...............................3

 C.   The Second Cause of Action Fails to State a Fourteenth Amendment Claim ....................5

 D.   Officers Griego and Morgan are Entitled to Qualified Immunity .......................................7

 E.   The Third Cause of Action for § 1983 *Monell* Liability Is Unsupported by Facts.............8

  1.   Plaintiffs State No Facts Showing any Custom, Policy or Practice that
   Caused a Violation of their Constitutional Rights ...................................................8

  2.   Plaintiffs Fail to State facts to Support a Ratification Claim..................................9

  3.   The Complaint Fails to State a Claim Based on Inadequate Training..................11

 F.   The Fourth Claim for Relief Under Cal. Civil Code § 52.1 Is Unsupported by Facts ......12

 G.   The Fifth Claim for Wrongful Death-Negligence Is Unsupported by Sufficient
  Facts .................................................................................................................................13

 H.   The Sixth Claim for Negligence Is Unsupported by Facts ................................................13

 I.   The Seventh Claim for Assault And Battery Is Unsupported by Facts ...........................14

 J.   The Negligent Infliction of Emotional Distress Is Unsupported by Facts........................14

 K.   The §§ 1985 and 1986 Claims for Fees and Claims for Punitive Damages Against
  the City are Improper .......................................................................................................14

IV.   CONCLUSION............................................................................................................................15

i

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*AE ex rel. Hernandez v. Cty. of Tulare,*
   666 F.3d 631 (9th Cir. 2012) ............................................................................8

*Aguilera v. Baca,*
   510 F.3d 1161 (9th Cir. 2007) ..........................................................................8

*Allen v. City of Sacramento,*
   234 Cal.App.4th 41 (2015) .............................................................................13

*Arnold v. IBM Corp.*
   637 F.2d 1350 (9th Cir. 1981) ..........................................................................4

*Arres v. City of Fresno,*
   CV F10-1628 LJO SMS, 2011 WL 284971 (E.D. Cal. 2011)......................5, 9

*Ashcraft v. King,*
   228 Cal.App.3d 604 (1991) .............................................................................14

*Ashcroft v. al-Kidd,*
   563 U.S.731 (2011)............................................................................................7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)........................................................................2, 3, 4, 5, 12

*Austin B. v. Escondido Union Sch. Dist.*
   149 Cal.App.4th 860 (2007) ...........................................................................12

*Baker v. McCollan,*
   443 U.S. 137 (1979).......................................................................................... 3

*Barsamian v. City of Kingsburgh,*
   597. F.Supp.2d 1054 (E.D. Cal. 2009)............................................................12

*Bd. of Cnty. Comms'rs of Bryan Cnty. v. Brown,*
   520 U.S. 397 (1996)...........................................................................................8

*Beck v. City of Upland,*
   527 F.3d 853 (9th Cir. 2008) ............................................................................9

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007)...............................................................................2, 3, 12

*Blankenhorn v. City of Orange,*
   485 F.3d 463 (9th Cir. 2007) ............................................................................4

*Bretz v. Kelman,*
   773 F.2d 1026 (9th Cir. 1985) ...................................................................14, 15

*Brousseau v. Haugen,*
   543 U.S. 194 (2004)...........................................................................................7

ii

*Brown v. Ransweiler*,
 171 Cal.App.4th 516 (2009) ............................................................................................14

*Carr v. Her*,
 2012 WL 259457, No. 2:09-cv-0826 GEB KJN P. *12 (E.D. Cal. 2012)..........................7

*Christensen v. Superior Court*
 54 Cal.3d 868 (1991) ......................................................................................................14

*Christie v. Iopa*,
 176 F.3d 1231 (9th Cir. 1999) ..........................................................................................9

*Christopher v. Harbury*,
 536 U.S. 403 (2002)..........................................................................................................6

*Chuman v. Wright*,
 76 F.3d 292 (9th Cir. 1996) ..........................................................................................4, 5

*City of Canton v. Harris*,
 489 U.S. 378 (1988)......................................................................................................8, 11

*City of Los Angeles v. Heller*,
 475 U.S. 796 (1986)..........................................................................................................8

*City of Newport v. Facts Concert, Inc.*,
 453 U.S. 247 (1981)........................................................................................................15

*City of St. Louis v. Praprotnik*,
 485 U.S. 112 (1988)........................................................................................................10

*Clifford v. Regents of Univ. of Cal.*,
 2:11–CV–02935–JAM–GGH, 2012 WL 1565702 (E.D. 2012) ....................................12

*Clouthier v. Cty. of Contra Costa*,
 591 F.3d 1232 (9th Cir. 2010) ......................................................................................9, 11

*Cnty. of Sacramento v. Lewis*,
 523 U.S. 833 (1998)......................................................................................................5, 6

*Connick v. Thompson*,
 563 U.S. 51 (2011)........................................................................................................8, 11

*Corales v. Bennett*,
 567 F.3d 554 (9th Cir. 2009) ..........................................................................................12

*Curnow v. Ridgecrest Police*,
 952 F.2d 321 (9th Cir. 1991) ............................................................................................5

*Daniels v. Williams*,
 474 U.S. 327 (1986)..........................................................................................................3

*Dougherty v. City of Covina*,
 654 F.3d 892 (9th Cir. 2011) ..........................................................................................11

*Fayer v. Vaughn*,
 649 F.3d 1061 (9th Cir. 2011) ..........................................................................................9

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

*Gant v. Cnty. of Los Angeles,*
    772 F.3d 608 (9th Cir. 2014) ....................................................................................13

*Gausvik v. Perez,*
    392 F.3d 1006 (9th Cir. 2004) ...................................................................................6

*Gillette v. Delmore,*
    979 F.2d 1342 (9th Cir. 1992) ...............................................................................9, 10

*Gottschalk v. City and Cnty. of San Francisco,*
    964 F.Supp.2d 1147 (N.D. Cal. 2013) .....................................................................12

*Griffin v. Breckenridge,*
    403 U.S. 88 (1971)...................................................................................................15

*Harper v. City of Los Angeles,*
    533 F.3d 1010 (9th Cir. 2008) ...................................................................................4

*Homes v. Summer,*
    188 Cal.App.4th 1510 (2010) ..................................................................................13

*Hopkins v. Bonavicino,*
    573 F.3d 752 (9th Cir. 2009) ..................................................................................4, 5

*Huggins v. Longs Drug Stores California, Inc.*
    6 Cal.4th 124 (1993) ...............................................................................................14

*Hunter v. Bryant,*
    502 U.S. 224 (1991)...................................................................................................7

*J.L. v. Children's Institute, Inc.,*
    177 Cal.App.4th 388 (2009) ....................................................................................13

*Jett v. Dallas Indep. Sch. Dist.,*
    491 U.S. 701 (1989)..................................................................................................10

*Jones v. Williams,*
    297 F.3d 930 (9th Cir. 2002) ..................................................................................4, 5

*Kanae v. Hodson,*
    294 F.Supp.2d 1179 (D. Haw. 2003) .........................................................................9

*Karim-Panahi v. Los Angeles Police Dept.,*
    839 F.2d 621 (9th Cir. 1988) ......................................................................6, 7, 14, 15

*Kelson v. City of Springfield,*
    767 F.2d 651 (1985).....................................................................................................5

*Knapps v. City of Oakland,*
    647 F.Supp.2d 1129 (N.D. Cal. 2009) .....................................................................14

*Kush v. Rutledge,*
    460 U.S. 719 (1983).............................................................................................14, 15

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) ..................................................................................5, 6

*Leer v. Murphy,*
844 F.2d 628 (9th Cir. 1988) ..................................................................................3, 4

*Lopez v. City of Los Angeles,*
196 Cal.App.4th 675 (2011) ........................................................................................13

*Lowry v. Standard Oil Co. of Cal.,*
63 Cal.App.2d 1 (1944) ...............................................................................................14

*McMillan v. Monroe Cnty.,*
520 U.S. 781 (1997) .....................................................................................................10

*Meyers v. City of Fresno,*
2011 WL902115 (E.D. Cal. 2011) ...............................................................................12

*Mitchell v. Dupnik,*
75 F.3d 517 (1996) .......................................................................................................15

*Monell v. New York City Dept. of Soc. Servs.,*
436 U.S. 658 (1978) .................................................................................................8, 11

*Monteilh v. Cnty. of Los Angeles,*
820 F.Supp.2d 1081 (C.D. Cal. 2011) ...........................................................................4

*Moreland v. Las Vegas Metro. Police Dep't,*
159 F.3d 365 (9th Cir. 1998) .........................................................................................5

*Moss v. U.S. Secret Service,*
572 F.3d 962 (9th Cir. 2009) .........................................................................................3

*Nadell v. Las Vegas Metro Police Dept.,*
268 F.3d 924 (9th Cir. 2001) .........................................................................................9

*Parratt v. Taylor,*
451 U.S. 527 (1981) .......................................................................................................3

*Parsons v. Crown Disposal Co.,*
15 Cal.4th 456 (1997) ..................................................................................................13

*Pearson v. Callahan,*
555 U.S. 223 (2009) ...............................................................................................4, 5, 7

*Pembaur v. City of Cincinnati,*
475 U.S. 469 (1986) .....................................................................................................10

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,*
130 F.3d 432 (9th Cir. 1997) .........................................................................................8

*Plumhoff v. Richard,*
__ U.S. __, 134 S.Ct. 2012 (2014) ............................................................................4, 5

*Reichle v. Howards,*
__ U.S. __, 132 S.Ct. 2088 (2012) .................................................................................7

*Saucier v. Katz,*
533 U.S. 194 (2001) .......................................................................................................7

*Shoyoye v. County of Los Angeles,*
   203 Cal.App.4th 947 (2012) ...................................................................................... 12, 13

*So v. Shin,*
   212 Cal.App.4th 652 (2013) ................................................................................................ 14

*Taylor v. List,*
   880 F.2d 1040 (9th Cir. 1989) .............................................................................................. 3

*Tromblinson v. Nobile,*
   103 Cal.App.2d 266 (1951) ................................................................................................. 14

*Vance v. Peters,*
   97 F.3d 987 (9th Cir. 1996) ................................................................................................... 3

*Venegas v. Cnty. of Los Angeles,*
   32 Cal.4th 820 (2004) ......................................................................................................... 12

*Waiton v. City of Santa Rosa,*
   2014 WL 3362160, No. 13-cv-03218 JST (PR) (N.D. Cal. 2014) ...................................... 6

*White v. Roper,*
   901 F.2d 1501 (9th Cir. 1990) .............................................................................................. 4

*Wilhite v. City of Bakersfield,*
   2012 WL 273088 (E.D.Cal 2012) ....................................................................................... 15

**<u>Statutes</u>**

Civil Code Section 52.1(a) ...................................................................................................... 12

Civil Code Section 52.1(j) ....................................................................................................... 12

Government Code Section 818 ................................................................................................. 15

Government Code Section 820.8 .............................................................................................. 13

Penal Code Section 835a ......................................................................................................... 14

**NOTICE**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that on August 23, 2016, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court, located at 501 I Street, Sacramento, CA, defendants City of Fairfield, Joe Griego, Daniel Hatzell and Clinton Morgan will and hereby do move this Court for an order granting dismissal of the claims specified below and contained in plaintiff's first amended complaint, for failure to state any claim upon which relief can be granted.  This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal is appropriate because the amended complaint fails to allege facts sufficient to state claims upon which relief can be granted against defendants. This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.  Counsel for plaintiffs and defendants have met and conferred regarding the lack of factual allegations to support the claims asserted, and defendants' counsel advised plaintiffs' counsel of the deficiencies with each cause of action as detailed in the instant motion.  The parties could not agree, necessitating the instant motion. Defendants request a jury trial in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED**

Plaintiffs A.C. and I.C., individually and as co-successors in interest to decedent Jose Ceja, by and through their Guardian-Ad-Litem Alicia Villa, Guadalupe Villa-Vargas ("Guadalupe"), Arturo Ceja Gonzales ("Arturo"), W.C. and J.C., by and through their Guardian-Ad-Litem Pablo Ceja, Pablo Ceja ("Pablo"), and Leticia Ceja ("Leticia"), bring this action against defendants the City of Fairfield ("City"), Joe Griego (Griego), Daniel Hatzell ("Hatzell") and Clinton Morgan ("Morgan") for violation of constitutional rights under 42 U.S.C. § 1983, Cal. Civil Code § 52.1 and state torts arising out of an alleged incident on January 15, 2015 in which they claim defendants unreasonably shot and killed decedent Jose Ceja.  The original complaint failed to state facts to support the claims alleged, and following the parties' meet and confer efforts, plaintiffs amended the complaint.  The amended complaint merely changed the identity of the officer who allegedly used force from Morgan to Hatzell, but added

1

no facts to cure the deficiencies.  The amended complaint again fails to state facts to state each of the claims asserted, relying on "naked assertions" devoid of "further factual enhancement."  (*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).)  Specifically:

1)      The first cause of action fails to state facts to state a § 1983 claim against defendants;
2)      The second cause of action fails to state facts to state a § 1983 claim against defendants;
3)      The third cause of action fails to state facts to state a §1983 *Monell* claim against the City;
4)      The fourth cause of action for violation of Civil Code § 52.1 is unsupported by facts;
5)      The fifth cause of action for wrongful death, negligence is unsupported by facts;
6)      The sixth cause of action for negligence is unsupported by facts;
7)      The seventh cause of action for assault and battery is unsupported by facts;
8)      The eighth cause of action for negligent infliction of emotional distress is unsupported by facts; and
9)      The claims for damages under §§ 1985 and 1986, and for punitive damages against the City are baseless.

## II.    STATEMENT OF FACTS ALLEGED BY PLAINTIFFS

Plaintiffs allege that on January 15, 2015, at approximately 8:00 a.m., decedent Jose Ceja was at his family's home in Fairfield when his family summoned the police for assistance with decedent. Defendant officers Griego, Hatzell and Morgan arrived at the residence in response to the call.  (First Amended Complaint "FAC", ¶¶ 22-23.)  Outside the home, decedent's brother Pablo gave the officers a brief description of the situation and told officers decedent "was extremely intoxicated." (*Id.* ¶ 24.)

The officers entered the home with decedent's brother Pablo.  Plaintiffs allege decedent was smoking a cigarette on the porch, and an officer called for him to come to the living room.  (FAC ¶ 26.) They claim that as decedent crossed the threshold from outside into the dining room through a sliding door, plaintiff Guadalupe heard an officer say, "wait, wait, wait".  (*Id.* at 27.)  They allege Officer Hatzell "did not heed the warning of the more senior officer" and shot decedent.  (*Id.*)  Plaintiffs claim officers did not give decedent any commands before shooting him, other than to come into the house.  (FAC ¶ 28.)  They contend decedent was shot in the chest, stumbled forward and fell in front of his father Arturo, and decedent died at the scene.  (FAC ¶ 29.)  Plaintiffs claim they later heard an officer say decedent had a knife, but claim his brother Pablo and mother did not see anything in his hands before he came in the house.  They allege that Arturo speculated decedent may have been holding a butter knife from the barbecue. (FAC ¶ 30.)  They claim decedent only was walking back into the house as the officers requested when he was shot.  (*Id.*)  They claim Guadalupe and Pablo witnessed the shooting while

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

1  standing near the officers; Arturo witnessed the shooting from the kitchen; and sister-in-law Leticia,

2  minor nephew and niece W.C. and J.C., were present in the home and heard the gunfire that resulted in

3  decedent's death.  (FAC ¶31.)  Decedent's surviving minor children A.C. and I.C. were not present.

### III.    LEGAL ARGUMENT

#### A.    Plaintiffs' Complaint Fails to State Facts and Is Subject to Dismissal Under Rule 12(b)(6)

6       "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

7  cause of action will not do.' … Nor does a complaint suffice if it tenders 'naked assertions' devoid of

8  'further factual enhancement.'"  (*Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555.)  "[A] complaint

9  must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' … The

10  plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully."

11  (*Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).)  "<u>Threadbare</u>

12  <u>recitals of the elements of a cause of action, supported by mere conclusory statements, do not</u>

13  <u>suffice</u>….Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than

14  conclusions'"  [Emphasis added.]  (*Iqbal*, 556 U.S. at 678-679.)  Plaintiffs' amended complaint in this

15  case fails to state facts sufficient to state each of the claims asserted.

16
#### B.    The First Cause of Action Under § 1983 Is Unsupported by Facts to State a Claim for
17  Violation of the Fourth Amendment Against Griego and Morgan

18      To state a § 1983 claim, plaintiffs must show "(1) that a person acting under color of state law

19  committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

20  immunity protected by the Constitution or laws of the United States."  (*Leer v. Murphy*, 844 F.2d 628,

21  632-633 (9th Cir. 1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds,*

22  *Daniels v. Williams,* 474 U.S. 327, 328 (1986).)  "Section 1983 imposes liability for violations of rights

23  protected by the Constitution, not for violations of duties of care arising out of tort law."  (*Baker v.*

24  *McCollan*, 443 U.S. 137, 146 (1979).)  "[S]ection 1983 creates a cause of action based on personal

25  liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused

26  or participated in a constitutional deprivation."  (*Vance v. Peters*, 97 F.3d 987, 991 (9th Cir. 1996);

27  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).)  Vicarious liability is inapplicable in § 1983 actions,

28  and plaintiff must show that each defendant, through their own individual actions, violated the

3

1  constitution.  (*Iqbal,* 556 U.S. at 676.)  Plaintiffs must show that the defendant's unconstitutional conduct

2  was the actual and proximate cause of the claimed injury.  (*White v. Roper*, 901 F.2d 1501, 1501-1506

3  (9th Cir. 1990); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).)

4       "The inquiry into causation must be individualized and focus on the duties and responsibilities of

5  each individual defendant whose acts or omissions are alleged to have caused the constitutional

6  deprivation."  (*Leer*, 844 F.2d at 633; *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir.

7  2008); *Arnold v. IBM Corp.* 637 F.2d 1350, 1355 (9th Cir. 1981).)  An officer is not liable "because of

8  his membership in a group without a showing of individual participation in the unlawful conduct."

9  (*Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002), *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.

10  1996).) Integral participation requires "some fundamental involvement in the conduct that allegedly

11  caused the violation."  (*Blankenhorn v. City of Orange*, 485 F.3d 463, 481, n.12 (9th Cir. 2007).) Officers

12  are fundamentally involved when they provide some affirmative physical support at the scene of the

13  alleged violation and when they are aware of the plan to commit the alleged violation or have reason to

14  know of such plan but do not object.  (*Monteilh v. Cnty. of Los Angeles,* 820 F.Supp.2d 1081, 1089 (C.D.

15  Cal. 2011), *citing Jones,* 297 F.3d at 936, *inter alia.*)  An "officer who is merely a bystander to his

16  colleagues' conduct cannot be found to have caused an injury."  (*Monteilh*, 820 F.Supp.2d at, *citing

17  Hopkins v. Bonavicino,* 573 F.3d 752, 770 (9th Cir. 2009), *Jones,* 297 F.3d at 935.)  Defendants are not

18  liable under § 1983 based on a "team effort" theory.  (*Chuman*, 76 F.3d at 295.)

19       Plaintiffs' complaint in this case fails to state a claim for violation of decedent's Fourth

20  Amendment rights against Officers Griego or Morgan.  "A claim that law-enforcement officers used

21  excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard.

22  See *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Tennessee v.

23  Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)"  (*Plumhoff v. Richard*, __ U.S. __, 134 S.Ct.

24  2012, 2020 (2014).)  "The inquiry requires analyzing the totality of the circumstances."  (*Id.*)  The only

25  facts alleged regarding Griego and Morgan are that they were Fairfield Police Officers, they responded to

26  decedent's residence in response to plaintiffs' request for assistance with decedent, and they were

27  advised by Pablo that decedent was extremely intoxicated.  (FAC ¶¶15, 17, 22-24.)  Plaintiffs allege that

28  one of the officers called for decedent to come into the living room, and Guadalupe heard an officer "cry

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

out" "wait, wait, wait" before Officer Hatzell fired his weapon.  (FAC ¶¶ 26-27.) The complaint fails to show *any* use of force by Griego or Morgan, thus there was no intrusion on decedent's Fourth Amendment interests by either of these officers.  (*Plumhoff,* 134 S.Ct. 2020.)  Plaintiffs do not allege Griego or Morgan called decedent into the living room, but even speculating that one of these officers was the individual who allegedly called to decedent, there are no facts showing any causal connection to Officer Hatzell's use of force.   Factually unsupported conclusions that the defendants "individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent" plainly are insufficient.  (FAC ¶ 35.)  The law is well settled that Griego and Morgan cannot be liable under § 1983 merely because they were present at the scene with Officer Hatzell.  (*Hopkins,* 573 F.3d at 770, *Jones,* 297 F.3d at 935; *Chuman,* 76 F.3d at 295.)  The allegations fail to meet the Supreme Court's requirement that plaintiffs state facts showing a plausible right to relief against each defendant, based on individual fault.  (*Iqbal*, 556 U.S. at 678; *Pearson*, 555 U.S. at 231.)

**C.**     **The Second Cause of Action Fails to State a Fourteenth Amendment Claim**

Decedent's parents and minor children assert claims for interference with their rights to familial relationship with decedent in violation of the 14th Amendment, however, no facts are stated to support claims against Griego and Morgan.  The courts recognize constitutionally protected liberty interests in familial relationships between parents and children under the 14th Amendment.  (*Curnow v. Ridgecrest Police,* 952 F.2d 321, 325 (9th Cir. 1991), *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001); *Kelson v. City of Springfield*, 767 F.2d 651, 655 (1985).)   "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense."  (*Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 847 (1998).)  To prevail on a 14th Amendment claim for loss of familial relationship, a plaintiff must show that the Defendant's conduct shocks the conscience.  (*Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 372 (9th Cir. 1998), *as amended* (Nov. 24, 1998); *Arres v. City of Fresno,* CV F10-1628 LJO SMS, 2011 WL 284971, at *14 (E.D. Cal. 2011).)   "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."  (*Lewis,* 523 U.S. at 849.)  When unforeseen circumstances demand an officer's instant judgment, "only a purpose to cause harm unrelated to the legitimate object of arrest" will suffice for

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

1    conscience shocking conduct necessary for a due process violation.  (*Id.* at 836.)

2            Further, where a claim for interference with familial relationships is integrally predicated upon, or

3    entwined with, other allegedly unconstitutional conduct, a finding that the other conduct was

4    constitutional generally will preclude recovery for interference with familial relationship.  (*Gausvik v.*

5    *Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004).)   The Ninth Circuit has intimated that an underlying due

6    process violation is a prerequisite to a claim for denial of familial association under the 14th Amendment.

7    (*Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001).)  Plaintiffs' claims for violation of their

8    right to familial association with decedent are integrally predicated upon and entwined with decedent's

9    §1983 claim because no conduct was directed at them.  To the extent decedent's §1983 claim fails, the

10   surviving plaintiffs' 14th Amendment familial association claims also fail.  There are no facts showing

11   conduct by Griego or Morgan that interfered with plaintiffs' right to familial association with decedent.

12           The complaint also fails to state a claim for interference with plaintiffs' right to seek redress

13   against any defendant.  They allege that defendants attempted to conceal the use of force "in order to

14   deprive Plaintiffs of their rights to seek redress in violation of their rights … secured by the Fourteenth

15   Amendment."  (FAC ¶ 51.)  Claims for interference with their right to seek redress are not ripe and the

16   FAC states no basis for such claims at this stage.  "Such allegations may state a federally cognizable

17   claim provided that defendants' actions can be causally connected to a failure to succeed in the present

18   lawsuit.  However, if plaintiff were to succeed in [the underlying] suit, then his cover-up allegations

19   would be mooted."  (*Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 625 (9th Cir. 1988).)

20   Where the ultimate resolution of the underlying suit remains in doubt, a  cover-up claim is not ripe for

21   judicial consideration and should be dismissed.  (*Id.*)  "[T]he very point of recognizing any access claim

22   is to provide some effective vindication for a separate and distinct right to seek judicial relief for some

23   wrong. … the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered

24   injury by being shut out of court."  (*Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Waiton v. City of*

25   *Santa Rosa*, 2014 WL 3362160, No. 13-cv-03218 JST (PR) (N.D. Cal. 2014).)  Claims for denial of

26   access necessarily require plaintiffs to show damages caused by the alleged denial.  "Allegations that

27   officials engaged in a cover-up state a constitutional claim only if the cover-up deprived plaintiff of his

28   right of access to the courts by causing him to fail to obtain redress for the constitutional violation that

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

1   was the subject of the cover-up." (*Carr v. Her*, 2012 WL 259457, No. 2:09-cv-0826 GEB KJN P. *12

2   (E.D. Cal. 2012), *citing Karim-Panahi,* 839 F.2d at 625.) "A cover up claim is premature when, as here,

3   plaintiff's action seeking redress for the underlying constitutional violations remains pending." (*Carr,*

4   2012 WL 259457 at *12, *citing Karim-Panahi*, 839 F.2d at 625.)

5        Plaintiffs in this case have not, and cannot, currently plead that they sustained any damages as a

6   result of an alleged cover up.  If plaintiffs succeed in this action then they cannot have been denied

7   access to the court and will sustain no damage from any alleged cover up. Claims for interference with

8   plaintiffs' right to seek redress are premature and should be dismissed.

9   **D.    Officers Griego and Morgan are Entitled to Qualified Immunity**

10        Qualified immunity protects officers from liability where their conduct does not violate clearly

11   established law, and applies where a reasonable officer could have believed the conduct was justified,

12   notwithstanding that reasonable officers could disagree.  (*Pearson*, 129 S.Ct. at 815; *Hunter v. Bryant,*

13   502 U.S. 224, 228 (1991).)  It is plaintiff's burden to show the law was clearly established so "**every**

14   **reasonable official would [have understood] that what he is doing violates that right**." (*Reichle v.*

15   *Howards,*__ U.S. __, 132 S.Ct. 2088, 1093 (2012).) "In other words, existing precedent must have placed

16   the statutory or constitutional question beyond debate." (*Reichle*, 132 S.Ct. at 2093.)  Whether the law

17   was clearly established "must be [determined] in light of the specific context of the case, not as a broad

18   general proposition." (*Saucier v. Katz,* 533 U.S. 194, 205 (2001), overruled in part re mandatory analysis

19   procedure, *Pearson,* 129 S.Ct. at 813, 818.).)  "[It must] be clear to a reasonable officer that his conduct

20   was unlawful in the situation he confronted." [Emphasis added.]  (*Katz,* 533 U.S. at 202; *Brousseau v.*

21   *Haugen,* 543 U.S. 194, 205 (2004); *Ashcroft v. al-Kidd,* 563 U.S.731, 131 S.Ct. 2074, 2084 (2011).)

22        The FAC states no facts showing conduct by Griego or Morgan that violated plaintiffs or

23   decedent's constitutional rights. Plaintiffs fail to show the law governing Griego and Morgan's conduct

24   was clearly established requiring officers on scene to control and prevent the alleged use of force by

25   another officer. It would not be clear to reasonable officers that responding to a call for assistance, not

26   using any force and not controlling the conduct of other officers violated any constitutional protection.

27   Qualified immunity thus shields Griego and Morgan from the § 1983 claims.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.,* USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

**E.      The Third Cause of Action for § 1983 *Monell* Liability Is Unsupported by Facts**

"A municipality cannot be held liable … under § 1983 on a respondeat superior theory."  (*Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).)  Municipal liability requires plaintiffs to "prove that 'action pursuant to official municipal policy' caused their injury."  (*Connick v. Thompson,* 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 389 (1988).)  "[P]laintiff must show that the municipal action was taken with the requisite degree of culpability and <u>must demonstrate a direct causal link between the municipal action and the deprivation of federal rights</u>."  [Emphasis added.]  (*Bd. of Cnty. Comms'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1996); *Harris,* 489 U.S. at 389; *Connick v. Thompson,* 563 U.S. at 60.)  "[A] municipality can be liable under § 1983 <u>only where its policies are the moving force behind the constitutional violation</u>."  [Emphasis added.]  (*Harris*, 489 U.S. at 389; *Brown*, 520 U.S. at 404 .)  "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees."  (*Brown,* 520 U.S. at 405; *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997); *AE ex rel. Hernandez v. Cty. of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012).)  Municipal liability also is contingent on an underlying violation of constitutional rights.  (*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007).)  Plaintiffs' FAC fails to state a claim for *Monell* municipal liability under any theory.

**1.      Plaintiffs State No Facts Showing any Custom, Policy or Practice that Caused a Violation of their Constitutional Rights**

Plaintiffs contend the City failed to discipline the defendant officers in this case for their alleged conduct in the incident, and they conclude this "demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendant Officers … misconduct."  (FAC ¶ 34.)  The allegations are wholly conclusory, unsupported by any facts.  The only facts alleged relate to the subject particular incident; there are no facts showing a policy, practice or custom beyond the subject incident that is so widespread as to have the force of law, or to show a causal connection to the alleged violations.  Plaintiffs' conclusions based on claims that they are "informed, and believe" that vague, unspecified policies or customs exist are inadequate.  (See e.g., FAC ¶¶ 36-37.)

Courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," and attempts to couch the conclusions on "information and belief" is unavailing to satisfy or excuse their burden to plead *facts*.  (*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).)

> ### 2.   Plaintiffs Fail to State facts to Support a Ratification Claim

"To show ratification, a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it."  (*Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).)  It requires that municipal policymakers make a deliberate choice to endorse a subordinate's decision and the basis for it.  (*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992), *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010).)  "For example, it is well settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval.  'To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983."  (*Christie*, 176 F.3d at 1239-1240.)  "**We decline to endorse this end run around *Monell*.**"  (*Gillette*, 979 F.2d at 1348.)  "The Ninth Circuit appears to require something more than a failure to reprimand to establish a municipal policy or ratification," (*Kanae v. Hodson*, 294 F.Supp.2d 1179, 1189 (D. Haw. 2003); *Arres v. City of Fresno*, 2011 WL 284971 at *28 (ED Cal. 2011); *Nadell v. Las Vegas Metro Police Dept.*, 268 F.3d 924, 929-30 (9th Cir. 2001)[1].)   Plaintiffs must show municipal policymakers knew of unconstitutional conduct by the subordinate before the constitutional violations ceased.  (*Christie*, 176 F.3d at 1239-1240.)

Plaintiff's complaint states no facts showing the City knew of unconstitutional conduct by any of the officers, before the alleged constitutional violations were completed, and approved it.  Plaintiff merely concludes that the officers were not disciplined for the incident, thus the City was "ratifying with deliberate indifference" their conduct in the incident, decedent's death resulted from the City's ratification of a pattern of excessive force,  City officials knew of repeated acts of "unconstitutional use of deadly force" and "approved, ratified, condoned, encouraged [and] sought to cover up" the pattern of conduct.  (FAC ¶¶ 34, 37, 53-55.)  Plaintiffs' claims are wholly unsupported by facts showing *any* other

---

[1] Abrogated in part on other unrelated grounds, as recognized in *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008).

1  instances of "unconstitutional use of deadly force" or other use of force, and there are no facts showing

2  City officials knew of unconstitutional acts by the officers in this case before the alleged acts ceased and

3  approved it (particularly given that Griego and Morgan did not affirmatively act).

4      Plaintiffs' vague allegations that "high-ranking City of Fairfield officials, including high-ranking

5  police supervisors" knew or reasonably should have known about unspecified "repeated acts [sic]

6  unconstitutional use of deadly force" by Fairfield police officers, plainly is insufficient.  No facts are

7  stated showing that any of the alleged decisions that led to the claimed excessive force and wrongful

8  arrests were made by an official with final policymaking authority, and there are no facts pled that any of

9  the officers' decisions leading to the alleged violations were ratified by a municipal officer with final

10 policy making authority.  In order for a subordinate's decision to be attributable to the government entity

11 through ratification, "the authorized policymakers must approve the decision and the basis for it …

12 simply going along with discretionary decisions made by one's subordinates … is not a delegation to

13 them of authority to make policy."  (*City of St. Louis v. Praprotnik,* 485 U.S. 112, 128-130 (1988);

14 *Gillette,* 979 F.2d at 1348.)  Whether an official has final policy-making authority is an issue of law to be

15 determined by the court by reference to state and local law.  (*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S.

16 701, 737 (1989); *Praprotnik*, 485 U.S. at 123.)  "A court's task is to identify those officials or

17 governmental bodies who speak with final policymaking authority for the local governmental actor

18 concerning the action alleged to have caused the particular constitutional or statutory violation at issue."

19 (*McMillan v. Monroe Cnty.*, 520 U.S. 781, 784-785 (1997).)  The Court must "ask whether governmental

20 officials are final policymakers for the local government in a particular area, or on a particular issue."

21 (*Id*. at 785.)  Even state law may not answer the question simply by labeling someone a policymaker.

22 (*Id.* at 786.)  "The fact that a particular official – even a policymaking official – has discretion in the

23 exercise of particular functions does not, without more, give rise to municipal liability based on an

24 exercise of the discretion."  (*Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986).)  Plaintiffs' vague,

25 factually unsupported conclusions that high-ranking officials and police supervisors ratified

26 unconstitutional conduct  patently is insufficient.  (*McMillan*, 520 U.S. at 785, *Pembaur,* 475 U.S. at

27 480.) Their ratification claim based on alleged failure to discipline the officers after the incident is an

28 improper basis for municipal liability under § 1983 and merely an "end run around *Monell*."

### 3.   The Complaint Fails to State a Claim Based on Inadequate Training

Plaintiffs' conclusions are insufficient to support an inadequate training claim.   "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of §1983" (*Connick,* 563 U.S. at 61.)   "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."   (*Id.*)   To impose municipal liability for inadequate training a plaintiff must show "deliberate indifference to a constitutional right.   This standard is met when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can reasonably be said to have been deliberately indifferent to the need.'"   (*Clouthier*, 591 F.3d at 1249; *City of Canton*, 489 U.S. at 390.)

> [D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bryan Ct.*, 520 U.S., at 410, 117 S.Ct. 1382. …A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities… A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. …

(*Connick*, 563 U.S. at 61-62; *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).) "Although this is a high standard, the Supreme Court warned against diluting the requirement that a local government can be held liable only for an action or inaction that amounts to an official policy …   In virtually every instance where a person has had his or her constitutional rights violated … a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident. Thus, permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities – a result …rejected in *Monell*."   (*Clouthier*, 591 F.3d at 1250, *citing Monell*, *supra, and Canton*, *supra.*)

Plaintiffs' complaint is devoid of facts showing what the City's training was, prior similar acts or other basis to show the need for more or different training was so obvious, and the alleged inadequacy so likely to result in constitutional violations, which are necessary to meet the high deliberate indifference standard.   They merely conclude the City failed to retrain officers and was "on notice of the Constitutional defects in their training … including but not limited to unlawfully using deadly force". (FAC ¶¶ 37, 56.) No facts are alleged to support a *Monell* cause of action based on an inadequate training

1  theory. The complaint states nothing more than "labels and conclusions" and "a formulaic recitation of

2  the elements" of a *Monell* cause of action.  Plaintiffs fail to meet their pleading burden and fail to state a

3  § 1983 claim against the City under any theory.  (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.)

4  **F.    The Fourth Claim for Relief Under Cal. Civil Code § 52.1 Is Unsupported by Facts**

5         Civil Code § 52.1 proscribes interference or attempted interference by any person or persons by

6  threats, intimidation or coercion with rights secured by the Constitution or laws of the United States.

7  (Civil Code § 52.1(a); *Austin B. v. Escondido Union Sch. Dist.* 149 Cal.App.4th 860, 883 (2007);

8  *Barsamian v. City of Kingsburgh*, 597. F.Supp.2d 1054, 1057 (E.D. Cal. 2009); *Arres,* 2011 WL284971

9  at*25.)  **It does not extend to regular tort actions**.  (§ 52.1(a); *Shoyoye v. County of Los Angeles,* 203

10 Cal.App.4th 947 (2012); *Meyers v. City of Fresno,* 2011 WL902115 (E.D. Cal. 2011); *Venegas v. Cnty.*

11 *of Los Angeles,* 32 Cal.4th 820, 843 (2004); *Austin B.,* 149 Cal.App.4th at 883.)  "In order to state a claim

12 under this statute, Plaintiff must plead facts showing violence or intimidation by threat of violence by the

13 accused defendant.  *Cabesuela v. Browning–Ferris Indus.,* 68 Cal.App.4th 101, 111, 80 Cal.Rptr.2d 60

14 (1998);  *Winarto v. Toshiba America Electronics Components, Inc.,* 274 F.3d 1276 (2001).  Speech alone

15 is insufficient to support this type of claim; in order to be actionable, the speech itself must threaten

16 violence and places the victim in reasonable fear of violence.  Cal. Civ.Code § 52.1(j)."  (*Clifford v.*

17 *Regents of Univ. of Cal.,* 2:11–CV–02935–JAM–GGH, 2012 WL 1565702, *9 (E.D. 2012).)  "[A]

18 plaintiff must allege that the defendant engaged in violence or threat of violence."  (*Gottschalk v. City*

19 *and Cnty. of San Francisco,* 964 F.Supp.2d 1147, 1163 (N.D. Cal. 2013), *Corales v. Bennett*, 567 F.3d

20 554, 564, 570-571 (9th Cir. 2009); § 52.1(j).)  Further, plaintiff must allege facts that show threats,

21 intimidation or coercion independent from that inherent in an alleged wrongful arrest or search.

22 (*Shoyoye,* 203 Cal.App.4th at 959, 962.) "[I]ntimidation or coercion" inherent in a wrongful arrest and

23 search is insufficient to support a § 52.1 claim.  (*Id.*)

24        Plaintiffs' FAC fails to state a § 52.1 claim against Griego or Morgan.  There are <u>no</u> facts

25 showing violence or threat of violence by them.  The § 52.1 claims are untenable absent a showing of

26 violence or threat of violence by the particular accused defendants.  (*Clifford,* 2:11–CV–02935–JAM–

27 GGH, 2012 WL 1565702, *9 (E.D. 2012)*; Gottschalk,* 964 F.Supp.2d at 1163, *Corales*, 567 F.3d at 564,

28 570-571.)  Liability does not attach merely because they were on scene.  Even if plaintiffs specifically

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

1  asserted Griego or Morgan called decedent into the living room, or said "wait, wait, wait", which they do

2  not, none of these statements threaten violence and do not give rise to liability under § 52.1.  The officers

3  also are immune from liability for the conduct of others.  (Gov. Code § 820.8, except as provided by

4  statute, a public employee is not liable for an injury caused by the acts or omission of others.)

5      The FAC also fails to state a § 52.1 claim against Hatzell because it alleges no violence of threats

6  of violence separate from the shooting, and threats, intimidation or coercion inherent in the underlying

7  alleged wrongful act are insufficient to support a §52.1 claim.  (*Shoyoye,* 203 Cal.App.4th at 959, 962;

8  *Allen v. City of Sacramento,* 234 Cal.App.4th 41 (2015); *Gant v. Cnty. of Los Angeles,* 772 F.3d 608 (9th

9  Cir. 2014).)  Plaintiffs' FAC states no allegations showing Griego or Morgan violated decedent's rights

10 by violence or threat of violence, or any independent threats, coercion or intimidation to state a § 52.1

11 claim against Hatzell, and thus fails to state facts sufficient to state a § 52.1 claim.

12 **G.      The Fifth Claim for Wrongful Death-Negligence Is Unsupported by Sufficient Facts**

13     "The elements of a negligence cause of action are duty to use due care and breach of duty, which

14 proximately causes injury."  (*Lopez v. City of Los Angeles,* 196 Cal.App.4th 675, 685 (2011), *citing*

15 *Homes v. Summer,* 188 Cal.App.4th 1510, 1528 (2010).)  "'Absent a legal duty, any injury is an injury

16 without actionable wrong.'"  (*J.L. v. Children's Institute, Inc.,* 177 Cal.App.4th 388, 396 (2009).)  "The

17 existence of a duty of care is a question of law to be determined by the court alone."  (*Parsons v. Crown*

18 *Disposal Co.,* 15 Cal.4th 456, 472-473 (1997).)   Plaintiffs A.C. and I.C.'s wrongful death claim is

19 asserted against all defendant officers.   The FAC states no facts to state a negligence claim against

20 Griego or Morgan.   They merely responded to the scene, and they owed no legal duty to otherwise

21 affirmatively act under the facts alleged.  Even if calling decedent into the house or saying "wait, wait,

22 wait" right before the shooting were attributed to one of these officers, no legal duty existed to refrain

23 from making the statements, and no facts show they were the proximate cause of another officer's use of

24 force.  The wrongful death claims against Griego and Morgan are baseless.

25 **H.      The Sixth Claim for Negligence Is Unsupported by Facts**

26     The negligence claim asserted on decedent's behalf against all the officers, fails for the same

27 reasons the fifth claim fails.  The complaint fails to state facts showing Griego and Morgan owed any

28 legal duty to decedent to affirmatively act, or breach of any legal duty that resulted in injury to decedent.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.,* USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD

**I.**       <u>**The Seventh Claim for Assault And Battery Is Unsupported by Facts**</u>

"A battery is any intentional, unlawful and harmful contact by one person with the person of another.  (*Ashcraft v. King,* 228 Cal.App.3d 604, 611 (1991).)  Claims of battery against a police officer require the plaintiffs to show the officer used unreasonable force.  (*Knapps v. City of Oakland,* 647 F.Supp.2d 1129, 1166 (N.D. Cal. 2009)*; Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-527 (2009); Penal Code §835a.)  "'[A]n assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present.'"  (*Lowry v. Standard Oil Co. of Cal.*, 63 Cal.App.2d 1, 6-7 (1944); *So v. Shin*, 212 Cal.App.4th 652, 668 (2013).)  Words alone do not amount to an assault.  (*Tromblinson v. Nobile*, 103 Cal.App.2d 266, 269 (1951).)  The FAC shows that Griego and Morgan used no force against decedent, and they did not demonstrate any unlawful intent to inflict injury on him.  The assault and battery claims against Griego and Morgan are wholly unsupported by facts.

**J.**       <u>**The Negligent Infliction of Emotional Distress Is Unsupported by Facts**</u>

"Negligent infliction of emotional distress is not an independent tort."  (*Christensen v. Superior Court* 54 Cal.3d 868, 884 (1991).)  It is merely a theory of negligence.  (*Id.; Huggins v. Longs Drug Stores California, Inc*. 6 Cal.4th 124, 129 (1993).)  For the same reasons set forth above, the complaint fails to state facts showing Griego or Morgan owed any legal duty to plaintiffs or breach of duty.

**K.**       <u>**The §§ 1985 and 1986 Claims for Fees and Claims for Punitive Damages Against the City are Improper**</u>

The FAC claims attorneys' fees under 42 U.S.C. §§ 1985 and 1986 without any factual basis for such recovery.  (FAC ¶ 43.)  "Section 1985 proscribes conspiracies to interfere with certain civil rights.  A claim under this section must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient."  (*Karim-Panahi,* 839 F.2d at 626 .)  "Section 1985 proscribes five broad classes of conspiratorial activity."  (*Id.* at 1028; *Kush v. Rutledge,* 460 U.S. 719, 724, 725 (1983).)  The FAC shows no basis for a conspiracy claim under *any* part of § 1985.  Section 1985(1) requires federal interest or involvement with the conspiracy.  (*Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985).)  The FAC shows no federal involvement, and thus fails to state a claim under § 1985(1).  No facts are alleged to state a claim under either part of § 1985(2).  The first part of subsection (2) proscribes conspiracies to interfere with participation in the federal courts.

14

1   Plaintiffs do not allege interference with a federal court action, and the first part of subsection (2) is

2   wholly inapplicable.  The second part of subsection (2) and subsection (3) proscribe conspiracies aimed

3   at violating equal protection rights, and thus requires "racial, or perhaps otherwise class-based

4   invidiously discriminatory animus behind the conspirators' action."  (*Kush,* 460 U.S. at 725-736; *Griffin*

5   *v. Breckenridge*, 403 U.S. 88, 102 (1971); *Bretz,* 773 F.2d at 1025.)  No facts are alleged showing any

6   acts were the result of class-based invidious discriminatory animus.  The FAC thus fails to state a

7   conspiracy claim under § 1985 subsections (2) or (3).  Plaintiffs also fail to state a claim under § 1986,

8   because § 1986 claims are dependent on a valid claim under § 1985.  Section 1986 provides that persons

9   with "knowledge that any of the wrongs conspired to be done, and mentioned in § 1985 of this title, are

10  about to be committed, and having power to prevent … the commission of the same, neglects or refuses

11  so to do," is liable to the extent "such person by reasonable diligence could have prevented" the act.  "A

12  claim can be stated under § 1986 only if the complaint contains a valid claim under § 1985."  (*Karim-*

13  *Panahi*, 839 F.2d at 626.)  No valid claim is stated under § 1985, thus the § 1986 claim also fails.

14          Plaintiff's prayer for relief seeks punitive damages against all defendants, without limitation to

15  individual defendants.  Punitive damages are not recoverable against public entities for claims under §

16  1983 or state law.  (*City of Newport v. Facts Concert, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*,

17  75 F.3d 517, 527 (1996); *Wilhite v. City of Bakersfield*, 2012 WL 273088 (E.D.Cal 2012); Cal. Govt.

18  Code § 818.)  The punitive damage claims against the City should be dismissed without leave to amend.

19                            **IV.   CONCLUSION**

20          For the reasons set forth above, defendants respectfully submit that the instant motion to dismiss

21  plaintiffs' amended complaint should be granted.

22

23  Dated:  June 10, 2016                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

24                                          By:    */s/ Gregory Fox*

25                                                 Gregory M. Fox
                                                   Attorneys for Defendants
26                                                 CITY OF FAIRFIELD, JOE GRIEGO,
                                                   DANIEL HATZELL and CLINTON MORGAN
27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*Ceia v. City of Fairfield, et. al.*, USDC Eastern Dist. Case No. 2:16-cv-00746 JAM-CKD