UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C., individually and as co-successor-in-interest to Decedent José Ceja, by and through his Guardian-Ad-Litem Alicia Villa; I.C., individually and as co-successor-in-interest to Decedent José Ceja, by and through his Guardian-Ad-Litem Alicia Villa; GUADALUPE VILLA-VARGAS; ARTURO CEJA-GONZALEZ; W.C., individually, by and through his Guardian-Ad-Litem Pablo Ceja; J.C., individually, by and through his Guardian-Ad-Litem Pablo Ceja; PABLO CEJA, individually and as Guardian-Ad-Litem for W.C. and J.C.; and LETICIA CEJA,<br><br>    Plaintiffs,<br><br> v.<br><br>JOE GRIEGO; DANIEL HATZELL; CLINTON MORGAN (All Officers for the Fairfield Police Department); and the City of Fairfield,<br><br>    Defendants. | No.  2:16-cv-00746-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

///

Defendants seek to dismiss a suit arising from the fatal police shooting of thirty-six-year-old José Ceja. ECF No. 12. Plaintiffs oppose dismissal.[1] ECF No. 16.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts are taken as true by the Court for purposes of this motion.

In the early morning on January 15, 2015, three officers responded to a call for help from José Ceja's family. First Am. Compl. ("FAC") ¶¶ 22-23. Pablo Ceja, José's brother, greeted Officers Joe Griego, Daniel Hatzell, and Clinton Morgan from outside the family home in Fairfield, California. Id. ¶¶ 8, 22-24. Pablo explained the situation, warned the officers that José was "extremely intoxicated," and asked that they turn on their body cameras, which they did. Id. ¶¶ 24-25. As they entered the house, they noticed José standing on a porch smoking a cigarette. Id. ¶ 26. A sliding glass door divided this porch from the dining room. One officer ordered José to come into the room. Id. ¶¶ 26-27. As José walked through the glass door, his mother heard an officer yell at Officer Hatzell "wait, wait, wait," but to no avail: Officer Hatzell shot José twice in the chest. Id. ¶¶ 27, 29. He died on the kitchen floor. Id. ¶ 29.

All witnesses say José merely walked into the house—at an officer's explicit request—when Officer Hatzell fired his weapon. Id. ¶¶ 27-28. They emphasize that José was not posing an

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 23, 2016.

2

immediate threat to anyone.  Id. ¶ 27.  But Pablo overheard an officer say something about José having a knife.  Id. ¶ 30.  Neither Pablo nor his mother saw anything in José's hands; though his father speculated that José might have wielded a butter knife from the barbeque.  Id.  Pablo also heard one officer identify Officer Hatzell as the "rookie."  Id. ¶ 33.

Eight relatives ("Plaintiffs") sued Officers Griego, Hatzell, Morgan, and the City of Fairfield ("Defendants")[2] under 42 U.S.C. § 1983 and several California law claims.  Plaintiff's include A.C. and I.C. (José's children), Guadalupe Villa-Vargas (José's mother), Arturo Ceja-Gonzalez (José's father), Pablo Ceja (José's brother), Leticia Ceja (José's sister-in-law), W.C. (José's nephew), and J.C. (José's niece).  Id. ¶¶ 6-13.  Except for José's children, all other plaintiffs were present during the shooting:  José's brother, mother, and father witnessed the shooting; his sister-in-law, niece, and nephew heard the gunshots from a different room.  Id. ¶ 31.

Plaintiffs seek damages for alleged constitutional violations and associated pain and suffering under § 1983; damages for wrongful death under C.C.P. §§ 337.60 and 337.61 and Probate Code § 6402(b); funeral and burial expenses under those same California statutes; damages for loss of financial support; punitive damages; and attorneys' fees and costs under 42 U.S.C. §§ 1983, 1985-86, and 1988.

Defendants move to dismiss Plaintiffs' FAC.

---

[2] Plaintiffs also sued other DOE and fictitiously named police officers, but this Court dismissed all claims as to those unidentified defendants.  ECF No. 15.

3

## II. OPINION

### A. Section 1983 Claims

Section 1983 vindicates federal rights, but does not itself constitute a substantive right. See Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal citation omitted). To successfully bring a § 1983 claim, a plaintiff must show that "a person acting under color of state law committed the conduct at issue" and "that the conduct deprived the claimant of some right, privilege, or immunity protected by [federal law]." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). Simply put, § 1983 imposes liability for violating constitutional rights, but not for violating duties arising from tort law. See Baker v. McCollan, 443 U.S. 137, 146 (1979).

### B. Discussion

#### 1. Qualified Immunity

Although § 1983 allows individuals to vindicate their federal rights, qualified immunity protects government officials from liability for damages in certain situations. "Qualified immunity balances two important interests...the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). In other words, a person cannot sue a government official for damages unless that official's conduct violated a constitutional or statutory right and that right was "clearly established" at the time the conduct occurred. See id.

///

When deciding this issue, a court considers two criteria: (1) whether, under the alleged facts taken in the light most favorable to the plaintiff, a constitutional right was violated; and (2) whether that constitutional right was clearly established at the time the violation occurred. See id. at 232. The court may address this analysis in either order, especially when the second criterion is clearly dispositive. See id. at 242. Qualified immunity applies no matter if the official's error was "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. at 231 (internal citations and quotation marks omitted).

          a. First Cause of Action Against Officers Griego, Hatzell, and Morgan

Plaintiffs bring a § 1983 claim against Officers Griego, Hatzell, and Morgan, alleging that the officers' excessive force violated José's Fourth Amendment right. FAC ¶¶ 45-49. Defendants move to dismiss this claim as to Officers Griego and Morgan. Defendants argue that Plaintiffs neither allege facts showing that Officers Griego and Morgan's conduct violated José's constitutional right nor cite clearly established law requiring on-scene officers to prevent or control alleged use of force by another officer. Mot. at 7. Yet Plaintiffs say that Officers Griego and Morgan are liable because they integrally participated in the shooting, and José did not pose a threat to anyone. Opp'n at 11.

Here, the dispositive inquiry is whether it would have been clear to a reasonable officer in Officers Griego and Morgan's position that their conduct was unlawful in the situation they

confronted.  See Wood v. Moss, 134 S. Ct. 2056, 2059 (2014). Plaintiffs' "integral participation" theory fails because they did not allege supporting facts in their FAC.  They, instead, alleged those facts in their opposition brief.  Opp'n at 8-10. A court evaluates a complaint based on its allegations, not new facts or claims raised in a Rule 12(b)(6) opposition brief.  See Arres v. City of Fresno, No. CV F 10-1628, 2011 WL 284971, at *18 (E.D. Cal. Jan. 26, 2011) (emphasizing that allegations in opposition papers "are irrelevant for Rule 12(b)(6) purposes").

   Also, Plaintiffs have not pled facts showing that clearly established law requires Officers Griego and Morgan to control or prevent another officer's use of force.  Plaintiffs merely allege that Officers Griego and Morgan responded to the call for help and possibly communicated with José.  FAC ¶¶ 23, 27-28. Because it would not be clear to reasonable officers that this conduct violated any constitutional right, qualified immunity protects Officers Griego and Morgan.  Based on the allegations as currently pled in the FAC, the Court grants Defendants' motion to dismiss the First Cause of Action against Officers Griego and Morgan.

   Dismissal under Rule 12(b)(6) with prejudice and without leave to amend is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (internal citations and quotation marks omitted).  Because the Court finds that Plaintiffs could potentially allege sufficient facts, it dismisses the First Cause of Action with leave to amend.

          b. <u>Second Cause of Action Against Officers Griego, Hatzell, and Morgan</u>

Plaintiffs bring another § 1983 claim against Officers Griego, Hatzell, and Morgan, alleging that these officers violated Plaintiffs' Fourteenth Amendment right to a familial relationship and a right to seek redress. FAC ¶ 51. Defendants move to dismiss this claim as to Officers Griego and Morgan. They again argue that Plaintiffs neither allege facts showing that Officers Griego and Morgan's conduct violated Plaintiffs' rights nor cite clearly established law requiring on-scene officers to prevent or control alleged use of force by another officer. Mot. at 7.

Plaintiffs' familial relationship aspect of their § 1983 claim fails against Officers Griego and Morgan for the same reasons the first § 1983 claim failed. The redress aspect of this § 1983 claim also fails against all Defendants because Plaintiffs have withdrawn it. Opp'n at 11 n.3.

With respect to Plaintiffs' Fourteenth Amendment right to a familial relationship, that part of the claim is dismissed with leave to amend against Officers Griego and Morgan. As for Plaintiff's Fourteenth Amendment right to seek redress, that part of the claim is dismissed with prejudice against all Defendants.

        2. <u>Third Cause of Action Against the City of Fairfield</u>

To allege a § 1983 claim against a city, a plaintiff must allege facts showing that the city had a custom or policy that caused the plaintiff's constitutional injury. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). A "policy or

custom" under Monell is a "longstanding practice...which constitutes the 'standard operating procedure' of the local government entity." Ulrich v. City & Cty. of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002) (internal citation omitted). "[T]he complaint must allege the policy, as well as its causal relationship to the constitutional injury, in sufficient detail." Hass v. Sacramento Cty. Sheriff's Dep't, No. 2:13-cv-01746, 2014 WL 1616440, at *5 (E.D. Cal. Apr. 18, 2014).

But a relaxed pleading standard may apply in limited circumstances. Allegations based on "information and belief" may be sufficient to establish a "causal connection between the existing or non-existing policies, procedures and practices and the harms [Plaintiffs] experienced" when "the facts that might demonstrate the causal connection—such as...corrective actions taken or not taken—are not available to the pleading party [before] discovery." Phillips v. Cty. of Fresno, No. 1:13-cv-0538, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013) (internal citations and quotation marks omitted). This is particularly true when a plaintiff raises failure to discipline or failure to train claims. See Estate of Duran v. Chavez, No. 2:14-cv-02048, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) (allowing plaintiffs' failure to supervise, investigate, or discipline claim survive defendants' motion to dismiss); Phillips, 2013 WL 6243278 at *10 ("find[ing] that dismissal of plaintiffs' claims for entity/supervisor liability is inappropriate at this stage of the proceeding").

Plaintiffs bring a Monell claim against the City of Fairfield ("City"). FAC ¶¶ 52-57. Defendants argue that

8

1 Plaintiffs have not sufficiently pled facts showing that the
2 City had a custom or policy that caused a constitutional injury.
3 Mot. at 8-9.  Plaintiffs respond that given the case's pre-
4 discovery posture, it is no surprise they lack elaborate details
5 to support their failure to discipline and inadequate training
6 claims.  Opp'n at 13.

7    Here, a relaxed pleading standard suffices.  Plaintiffs'
8 allegations based on "information and belief" parallel those
9 found sufficient in Duran and Phillips.  Plus, Plaintiffs have
10 pled some facts.  One officer allegedly yelled for Officer
11 Hatzell to "wait wait wait," and another allegedly called him a
12 "rookie."  FAC ¶¶ 27, 33.  Both implicate training or the lack
13 thereof.  Also, most information needed to support inadequate
14 training or failure to discipline claims is in Defendants'
15 custody and not available to Plaintiffs before discovery.  See
16 Phillips, 2013 WL 6243278 at *11.  Plaintiffs' FAC contains
17 information "sufficient to supply notice to Defendants" about
18 the kinds of "information they will need to provide to refute,
19 if they can, Plaintiffs' allegations in a subsequent motion for
20 summary judgment."  Id.  Because Plaintiffs have successfully
21 stated a Monell claim, the Court denies Defendants' motion to
22 dismiss Plaintiffs' Third Cause of Action against the City.

23    3. Fourth Cause of Action Against Officers Griego,
         Hatzell, and Morgan
24

25    Plaintiffs bring a Bane Act excessive force claim against
26 Officers Griego, Hatzell, and Morgan.  FAC ¶¶ 59-62.  "The
27 essence of a Bane Act claim is that the defendant, by [threat,
28 intimidation, or coercion] tried to or did prevent the plaintiff

9

1   from doing something he or she had the right to do under the law
2   or to force the plaintiff to do something that he or she was not
3   required to do under the law." Rodriguez v. City of Modesto,
4   No. 1:10-cv-01370, 2013 WL 6415620, at *10 (E.D. Cal. Dec. 9,
5   2013) (internal citation and quotation marks omitted).
6       To state a claim under California Civil Code § 52.1, a
7   plaintiff must plead facts showing interference or attempted
8   interference by threat, intimidation, or coercion. Cabesuela v.
9   Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998).
10  Generally, a plaintiff must show a coercion independent from the
11  coercion inherent in the wrong: where coercion is inherent in
12  the alleged constitutional violation, the statutory requirements
13  of threats, intimidation, or coercion are not met. See Shoyoye
14  v. Cty. of Los Angeles, 203 Cal.App.4th 947, 959 (2012).
15  Federal courts, however, have relaxed the pleading standard for
16  Bane Act claims when the underlying claim involves excessive
17  force: a plaintiff bringing a Bane Act excessive force claim
18  need not allege a showing of coercion independent from the
19  coercion inherent in the use of force. See Rodriguez, 2013 WL
20  6415620 at *13; Dillman v. Tuolumne Cty., No. 1:13-cv-00404,
21  2013 WL 1907379, at *21 (E.D. Cal. May 7, 2013).
22      Defendants argue that this Court should dismiss Plaintiffs'
23  § 52.1 claim against all defendants, but for two different
24  reasons. First, Defendants assert that Plaintiffs have not pled
25  facts showing violence or threat of violence by Officers Griego
26  or Morgan. Mot. at 12. Second, Defendants argue that the
27  Shoyoye doctrine bars the claim against Officer Hatzell because
28  Plaintiffs have not alleged facts illustrating violence or

10

threat of violence separate from the shooting itself. Id. at 13.

In response, Plaintiffs maintain that they have stated a claim against Officers Griego and Morgan because they "integrally participated" in Jose's death and because their collective presence was coercive. Opp'n at 13-14. Again, this argument fails for the same reasons the integral participation argument failed above: the FAC contains no facts supporting this argument, and the Court will not review new facts stated in opposition briefs. Plaintiffs have not sufficiently pled facts showing Officers Griego and Morgan committed violence or threats of violence. The Court grants Defendants' motion to dismiss with leave to amend Plaintiffs' Fourth Cause of Action against Officers Griego and Morgan.

Plaintiffs' Bane Act excessive force claim against Officer Hatzell, however, survives. This Court has previously held that plaintiffs bringing these claims need not allege a showing of coercion independent from coercion inherent in the use of force. See Rodriguez, 2013 WL 6415620 at *13 (rejecting defendants' argument that the Bane Act excessive force claim should be dismissed because plaintiff failed to show a coercion independent from coercion inherent in use of force); Dillman, 2013 WL 1907379 at 21 (same). Defendants' argument that Plaintiffs must allege facts of violence or intimidation separate from the underlying wronged act fails. The Court denies Defendants' motion to dismiss the Fourth Cause of Action against Officer Hatzell.

### 4. Fifth Cause of Action Against Officers Griego, Hatzell, Morgan, and the City

Plaintiffs bring a wrongful death claim against Officers Griego, Hatzell, and Morgan directly and against the City under a respondeat superior theory. FAC ¶¶ 63-68. To state a claim for wrongful death under C.C.P. §§ 337.60 and 337.61, a plaintiff must plead facts showing a "tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs. Quiroz v. Seventh Ave. Ctr., 140 Cal.App.4th 1256, 1263 (2006) (original emphasis). Stating a claim for negligence satisfies the "tort" element for wrongful death. Claiming negligence requires showing a legal duty to use due care and a breach of that duty that proximately causes injury. See Holmes v. Summer, 188 Cal.App.4th 1510, 1528 (2010).

Defendants contend that Plaintiffs failed to state a claim against Officers Griego and Morgan because those officers owed no legal duty to otherwise affirmatively act under the facts alleged. Mot. at 13. Plaintiffs argue in response that under the totality of the circumstances, all the officers violated the duty of care owed to José by not planning their approach—especially given José's alleged diminished state—and by shooting him even after he obeyed their command to enter the home. Opp'n at 15-16.

Defendants make the stronger argument. A police officer does not assume a greater obligation to others, and his duty is limited to that owed to the public at large. See Williams v.

12

California, 34 Cal.3d 18, 24 n.3 (1983) (internal citation omitted). "Absent a special relationship creating a special duty, the police have no legal duty to control the conduct of others." Adams v. City of Fremont, 68 Cal.App.4th 243, 277 (1998) (internal citation omitted). Because the FAC lacks factual allegations showing that Officers Griego and Morgan owed a duty to José or had a special relationship with him, there is no negligence liability, which means there can be no liability for wrongful death. The Court dismisses with leave to amend the Fifth Cause of Action against Officers Griego and Morgan.

### 5. Sixth Cause of Action Against Officers Griego, Hatzell, Morgan, and the City

Plaintiffs bring a negligence claim against Officers Griego, Hatzell, and Morgan directly and against the City under a respondeat superior theory. FAC ¶¶ 70-72. Plaintiffs have since withdrawn this claim recognizing that it is duplicative of their wrongful death claim. Opp'n at 15 n.4. The Court dismisses with prejudice the Sixth Cause of Action against Officers Griego, Hatzell, Morgan, and the City.

### 6. Seventh Cause of Action Against Officers Griego, Hatzell, Morgan, and the City

Plaintiffs seventh claim alleges assault and battery against Officers Griego, Hatzell, and Morgan directly and against the City under a respondeat superior theory. FAC ¶¶ 74-75. To properly state a claim for battery, a plaintiff must show that the defendant intentionally performed an act resulting in harmful or offensive conduct with her person; that she did not consent to that contact; and that the harmful or offensive

1  contact caused injury, damage, loss, or harm to her.  See <u>Brown</u>
2  <u>v. Ransweiler</u>, 171 Cal.App.4th 516, 526-27 (2009).  To
3  successfully bring an assault claim, a plaintiff must plead
4  facts showing "an unlawful intent to inflict immediate injury on
5  the person of another then present."  <u>Lowry v. Standard Oil Co.</u>
6  <u>of Cal.</u>, 63 Cal.App.2d 1, 6-7 (1944) (internal citation
7  omitted).
8       Defendants argue that the FAC reveals that Officers Griego
9  and Morgan used no force against José and contains no facts
10 showing their unlawful intent to inflict injury.  Mot. at 14.
11 Plaintiffs disagree, arguing that, because battery is a state
12 law counterpart to § 1983 liability, the Defendants' argument
13 fails as to these officers for the same reason.  Opp'n at 17.
14      Plaintiffs have not meaningfully opposed Defendants'
15 argument, and because the FAC lacks facts showing that Officers
16 Griego and Morgan used force against José or had an unlawful
17 intent to inflict injury, Defendants prevail.  The Court
18 dismisses with leave to amend the Seventh Cause of Action
19 against Officers Griego and Morgan.

            7. <u>Eighth Cause of Action Against Officers Griego,</u>
               <u>Hatzell, Morgan, and the City</u>

22      Plaintiffs bring a negligent infliction of emotional
23 distress claim ("NIED") against Officers Griego, Hatzell, and
24 Morgan directly and against the City under a <u>respondeat</u> <u>superior</u>
25 theory.  FAC ¶¶ 77-83.  To state a NIED claim, a plaintiff must
26 allege facts showing that she "[was] closely related to the
27 injur[ed] victim[;] [was] present at the scene of the injury-
28 producing event at the time it occur[red] and [was] then aware

                                14

that it was causing injury to the victim[;] and [as a result] suffer[ed] serious emotional distress beyond that which would be anticipated in a disinterested witness." Thing v. La Chusa, 48 Cal.3d 644, 647 (1989).

Defendants contend that because NIED is a theory of negligence, for the same reasons as the wrongful death claim, the FAC lacks sufficient facts showing that Officers Griego and Morgan had a legal duty to José. Mot. at 14. Plaintiffs respond that, as bystanders, they were closely related to José and either witnessed or heard him gunned down. Opp'n at 16.

NIED is not an independent tort. When a plaintiff seeks damages for NIED, the tort is negligence—regardless of the specific name used to describe the tort. See Christensen v. Superior Court of Los Angeles Cty., 54 Cal.3d 868, 882 (1991). That means the plaintiff must plead a legal duty, a breach of that duty, causation, and damages. Id. As this Court explained in the wrongful death claim discussed above, Plaintiffs have not pled facts showing that Officers Griego and Morgan had a legal duty to José. Plaintiffs have, therefore, failed to state a claim for NIED as to defendants Griego and Morgan. The Court dismisses with leave to amend the Eighth Cause of Action against these two defendants.

       8. Damages Under Sections 1985 and 1986

Defendants argue that Plaintiffs improperly request attorneys' fees under 42 U.S.C. §§ 1985 and 1986. Mot. at 14-15. To state a claim under § 1985, a plaintiff must allege facts showing that the Defendants conspired together. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th

15

1  Cir. 1988). Merely alleging conspiracy without factual
2  specificity is insufficient. See id. And a claim under § 1986
3  survives dismissal only if "the complaint contains a valid claim
4  under section 1985." Id.
5    Plaintiffs did not oppose this argument in their brief.
6  The Court therefore dismisses this claim with prejudice against
7  all Defendants.
8         9. Punitive Damages
9    Plaintiffs request punitive damages from all Defendants for
10 their alleged section 1983 violations. FAC ¶¶ 42, 60.
11 Defendants' argue that this request fails against the City. Mot.
12 at 15.
13   Municipalities are immune from punitive damages under
14 § 1983. See City of Newport v. Fact Concerts, Inc., 453 U.S.
15 247, 271 (1981). And California law forbids imposing punitive
16 damages against public entities. See Arres, 2011 WL 284971 at
17 *6. Defendants' motion to dismiss the claim for punitive damages
18 against the City is granted with prejudice.

20         III.  ORDER
21   For the reasons discussed above, this Court GRANTS IN PART
22 AND DENIES IN PART Defendants' motion to dismiss as follows:
23    1.  DISMISSES without prejudice the first cause of action
24 (§ 1983 claim under the Fourth Amendment) against Officers Griego
25 and Morgan;
26    2.  DISMISSES without prejudice the second cause of action
27 (§ 1983 familial relationship claim under the Fourteenth
28 Amendment) against Officers Griego and Morgan, and DISMISSES with

prejudice the § 1983 redress claim under the Fourteenth Amendment against all Defendants;

    3.    DENIES Defendants' motion to dismiss the third cause of action (Monell claim) against the City;

    4.    DISMISSES without prejudice the fourth cause of action (Cal. Civil Code § 52.1 claim) against Officers Griego and Morgan, and DENIES Defendants' motion to dismiss this § 52.1 claim against Officer Hatzell;

    5.    DISMISSES without prejudice the fifth cause of action (wrongful death claim) against Officers Griego and Morgan;

    6.    DISMISSES with prejudice the sixth cause of action (negligence claim) against all Defendants;

    7.    DISMISSES without prejudice the seventh cause of action (assault and battery claim) against Officers Griego and Morgan;

    8.    DISMISSES without prejudice the eighth cause of action (NIED claim) against Officers Griego and Morgan;

    9.    DISMISSES with prejudice the 42 U.S.C. §§ 1985 and 1986 attorneys' fees claims against all Defendants; and

    10.    DISMISSES with prejudice the punitive damages claim against the City.

    The FAC's surviving claims include:

    1.    The first cause of action (§ 1983 Fourth Amendment excessive force claim) against Officer Hatzell;

    2.    The second cause of action (§ 1983 Fourteenth Amendment familial relationship claim) against Officer Hatzell;

    3.    The third cause of action (Monell claim) against the City;

    4.    The fourth cause of action (Cal. Civil Code § 52.1

17

1 | claim) against Officer Hatzell;

2 |     5.    The fifth cause of action (wrongful death claim) against Officer Hatzell directly and against the City under a respondeat superior theory;

    6.    The seventh cause of action (assault and battery claim) against Officer Hatzell directly and against the City under a respondeat superior theory; and

    7.    The eighth cause of action (NIED claim) against Officer Hatzell directly and against the City under a respondeat superior theory.

If Plaintiffs elect to amend any claim dismissed without prejudice, they shall file their Second Amended Complaint ("SAC") within twenty days of the date of this Order. Defendants shall file their responsive pleadings within twenty days thereafter. If Plaintiffs elect not to file a SAC, this case shall proceed on the remaining claims in the FAC, and Defendants shall file their answers to the FAC within thirty days from the date of this Order.

IT IS SO ORDERED.

Dated: October 11, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE