UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE VILLA-VARGAS, et al., | No. 2:16-cv-00746 JAM CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF FAIRFIELD, et al., | |
| Defendants. | |

This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). (ECF No. 39.) A status conference in this matter was held on May 23, 2018. None of the three remaining adult plaintiffs appeared at the status conference[1], nor had they had any recent contact with attorneys in this matter. (See ECF No. 42 at 1.) On May 24, 2018, the court issued an order to show cause why this action should not be dismissed for failure to prosecute. The court advised that failure to show cause within fourteen days would result in a recommendation of dismissal. (Id. at 1-2.)

Although the deadline has now passed, the court docket reflects that plaintiffs have not responded to the order to show cause. The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the

---

[1] The other named plaintiffs have voluntarily dismissed their claims. (ECF Nos. 29 & 37.)

1

rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case brought by plaintiff and which has been proceeding forward since plaintiff initiated this action on April 11, 2016. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Regarding the third factor, defendants already have litigated a motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiffs' non-responsiveness. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiffs have declined to participate in the case, respond to court orders, or maintain contact with defendants' counsel or their own counsel, before plaintiffs' counsel's motion to withdraw was granted. See ECF No. 38.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its order of May 24, 2018 has advised plaintiffs that this action is subject to dismissal for failure to prosecute, and granted ample time to respond to the order to show cause. In light of plaintiffs' failures, the court concludes there is no suitable alternative less drastic sanction to dismissal. The undersigned will therefore recommend that this action be dismissed for failure to prosecute the action and for failure to comply with court orders and Local Rules. See Fed. R. Civ. P. 41(b); L.R. 110.

1 | Accordingly, IT IS HEREBY RECOMMENDED that:
2 | 1. This action be dismissed with prejudice; and
3 | 2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 18, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ac v fairfield.failtopros.57